# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Analia Y. Huber, Individually and as
Trustee for the Heirs and Next-of-Kin of
Lowell D. Huber, deceased,

Case No. 19-cv-0315 (WMW/KMM)

Plaintiff,

v.

United States of America,

Defendant.

**ORDER APPROVING DISTRIBUTION
OF WRONGFUL-DEATH PROCEEDS**

This wrongful-death action involves the alleged negligent medical care and treatment of Lowell D. Huber. Before the Court is the petition of Plaintiff Analia Y. Huber, as Trustee for the Heirs and Next-of-Kin of Lowell D. Huber, seeking approval of the settlement of the above-captioned matter and distribution of settlement proceeds arising out of the settlement (the Petition). (Dkts. 46, 49.)

On October 17, 2018, Hennepin County District Court, Fourth Judicial District, appointed Analia Huber as trustee (the Trustee) to maintain a wrongful death action on behalf of all next-of-kin of Lowell Huber. The Trustee contends that Defendant United States of America, through its agents and/or employees, was negligent in the care and treatment provided to Lowell Huber and that such negligence resulted in the death of Lowell Huber on March 7, 2014. The Trustee hired Rawls Law Group, PC, to investigate and prosecute the claim against Defendant and agreed to pay Rawls Law Group, PC, pursuant to a retainer agreement and 28 U.S.C. § 2678, a sum equal to 25 percent of any

amount recovered, as well as costs incurred. Rawls Law Group, PC, agreed to pay attorney Benjamin Krause, as local counsel, a sum equal to 10 percent of the actual collected fee in this matter.

The Trustee's counsel negotiated a settlement with Defendant that requires Defendant to pay $250,000 in satisfaction of the Trustee's claims, and the Trustee agreed to a full release and order of dismissal with prejudice. There is an outstanding lien for medical expenses incurred and paid for by the Centers for Medicare & Medicaid Services (CMS). There are no funeral and burial expenses incurred for Lowell Huber that remain unreimbursed for purposes of the wrongful-death proceeding or the pending disbursement.

The names, dates of birth, relationships, and addresses of Lowell Huber's next-of-kin are as follows:

| Name | DOB | Relationship | Address |
|------|-----|--------------|---------|
| Analia Y. Huber | 10/26/1951 | Spouse | 11629 Balintore Drive Riverview, FL 33579 |
| Kimberly J. Santucci | 03/22/1975 | Daughter | 11629 Balintore Drive Riverview, FL 33579 |
| Nathalie J. Huber | 07/29/1946 | Sister | 15 S. First Street #1016A Minneapolis, MN 55401 |

No person has notified the Trustee or her attorneys in writing or otherwise of a claim for pecuniary loss. The net settlement funds for distribution and disbursement are as follows: $250,000 gross settlement; $62,500 to Rawls Law Group, PC, for attorneys' fees; $15,005.96 for disbursements made; $680.68 to CMS for satisfaction of the medical care lien; and $171,813.18 net settlement funds for distribution after payment of attorneys' fees

and costs. Analia Y. Huber, Kimberly J. Santucci, and Nathalie J. Huber, constituting the immediate next-of-kin, agree that the net balance of the settlement proceeds should be distributed to Analia Y. Huber, and thereby waive the requirement for a hearing on this matter. *See* Minn. Gen. R. Prac. 144.05. Defendant does not oppose the proposed distribution. As there is no dispute over the distribution, the Trustee seeks approval of the Petition without a hearing.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     The distribution of settlement proceeds for the wrongful-death claim of Lowell D. Huber, as set forth in the Petition of Analia Y. Huber, as Trustee for the Heirs and Next-of-Kin of Lowell D. Huber, (Dkts. 46, 49), is **APPROVED.**

2.     Analia Y. Huber is authorized to distribute the recovered proceeds as follows:

    a.     $171,813.18 to Analia Y. Huber;

    b.     $62,500 to Rawls Law Group, PC, for attorneys' fees;

    c.     $15,005.96 for disbursements made; and

    d.     $680.86 to CMS for satisfaction of the medical care lien.

Dated:  April 2, 2020                     s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge